992 F.2d 1223
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Willie MILLER, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 93-3021.
 United States Court of Appeals, Tenth Circuit.
 April 23, 1993.
 
 Before LOGAN, MOORE and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 BRORBY, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Mr. Miller, a federal inmate and pro se litigant, appeals from the summary judgment denying him relief under his Federal Tort Claims action. He claims he was injured in a disturbance between boarders of the penitentiary. His injuries consisted of severe lacerations of the head and face. He claims the injuries were proximately caused by the negligence of the prison officials insofar as they had advanced warning of a possible disturbance and failed to search inmates for weapons and disburse inmates who had congregated.
 
 
 3
 The Government moved for summary judgment with supporting evidentiary materials. This material showed that Mr. Miller was indeed injured during the course of a "major disturbance" between twenty inmate boarders from the State of Pennsylvania and five inmate boarders from the District of Columbia.
 
 
 4
 The district court stated the undisputed facts to be as follows:
 
 
 5
 There is no factual dispute presented. The record reveals that prior to the riot, USPL housed "state" prisoners from Pennsylvania and the District of Columbia. Early in the morning on the day of the riot, prison officials received an anonymous note from an inmate which indicated there would be a fight between these two groups of inmates. In response to this warning, the institution increased its staffing. The riot began during breakfast in the dining room area. Inmates used handmade weapons and several guards and inmates, including plaintiff, were injured before control was reinstated. Thereafter, plaintiff received prompt and appropriate medical care for a serious wound to his head.
 
 
 6
 The district court then held the discretionary function exception to the Federal Tort Claims Act barred Mr. Miller's claim. The court reasoned that the prison officials' decision-making under these factual circumstances was a classic example of discretionary activity exempted from liability under the FTCA.
 
 
 7
 Mr. Miller appeals this decision. In his appeal, Mr. Miller seizes upon the district court's characterization of the incident as a "riot," with which he disagrees, and accuses defendant of misleading the court, even though defendant never used the word "riot" in describing the incident. Mr. Miller denies there was a riot and denies there was any evidence to justify such a characterization.
 
 
 8
 How one classifies or characterizes the incident is immaterial to the decision as to whether or not summary judgment should have been granted. The discretionary function exemption to the FTCA preserves governmental immunity under the FTCA for "[a]ny claim ... based upon the exercise or performance or failure to perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused." 28 U.S.C. § 2680(a) (1982). For purposes of applying the exemption, it is "the nature of the conduct, rather than the status of the actor, that governs whether the discretionary function exemption applies." United States v. S.A. Empresa de Viacao Aerea Rio Grandense (Varig Airlines), 467 U.S. 797, 813 (1984). We apply a two-part test. The first step is whether the challenged conduct "involves an element of judgment or choice," in which case the conduct is discretionary. The second step is whether the judgment involved is of the type the exemption was designed to shield. Kiehn v. United States, 984 F.2d 1100, 1102-03 (10th Cir.1993). In this case both tests are satisfied; "no statute, regulation, or policy does, or indeed could, specifically prescribe a course of action for prison officials to follow in every prison uprising." Buchanan v. United States, 915 F.2d 969, 971 (5th Cir.1990). A prison's internal security is normally left to the discretion of prison officials, Rhodes v. Chapman, 452 U.S. 337, 349 n. 14 (1981), and in this case the actions of the officials in responding to the disturbance were clearly discretionary. There is absolutely no dispute that Mr. Miller was hurt during an incident involving two groups of prisoners, which Mr. Miller himself characterized as a "major disturbance." The decisions of prison officials during a fight between two groups of prisoners, by whatever name, and however characterized, remains the type of decision protected by the discretionary function exception to the FTCA.
 
 
 9
 The judgment of the district court is AFFIRMED.